UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAEVON TERRELL PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-214 AGF |
| | ) |
| SHARION RENEE SETTLE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Raevon Terrell Parker's submission of a civil complaint and a motion seeking leave to proceed *in forma pauperis*. The Court has considered the motion, and has determined it should be granted. Additionally, the Court has reviewed the complaint, and has determined that it should be dismissed as duplicative of another case filed on the same date and for lack of subject matter jurisdiction.

**Legal Standard**

Complaints filed *in forma pauperis* are subject to preliminary review as set forth in 28 U.S.C. § 1915. Additionally, the Federal Rules of Civil Procedure require this Court to dismiss a complaint if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However this Court is not required to assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004), or interpret procedural rules as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant complaint on February 6, 2020 against Sharion Renee Settle.[1] Plaintiff alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. However, he avers that he and the defendant are both Missouri citizens.

The Court notes that this complaint is duplicative of plaintiff's complaint in *Parker v. Settle,* No. 4:20-cv-216-AGF (E.D. Mo. Feb. 6, 2020). That matter was dismissed by this Court for lack of jurisdiction on February 10, 2020. *Id.*

Plaintiff claims he is entitled to relief because he gave the defendant "life saving services," and also because the defendant agreed "to give plaintiff 2 thousand dollars monthly and purchase a vehicle." His allegations in support of his claims are best understood if quoted in full. They are as follows.

> **HERE NOW COMES**, Plaintiff Raevon Terrell Parker praying that the court aids in the seeking of relief of damages from the Defendant Sharion Renee Settle. The Plaintiff is alleging that the Defendant has breached a verbal contract pursuant to 442.025.1- joint consent and 442.030 conveyance of property. The property in question is a 2017 Jaguar XE. The Defendant also violated contracts pursuant to 431.061.1 - consent to medical, 431.063- implied consent, 431.064.1- third party. The Plaintiff also alleges that pursuant to 431.130 survival of debt that the Defendant owes for medical services rendered that resulted in the Defendant's life being saved by the Plaintiff, Raevon Parker acquiring medical care for the Defendant while the Defendant was unable to do so (incapacitated).
>
> **THEREFORE**, the Plaintiff states that he/she has a claim against the Defendant in the amount of 5,000,000. The claim arose on or about 03/08/19 as a result of the fore mentioned events [*sic*]. The Plaintiff request [*sic*] that the court aid in the recovery of damages in the amount of 5,000,000 US Dollars.

## Discussion

The Court concludes that the parties, issues, and available relief do not significantly differ between the instant case and *Parker v. Settle,* No. 4:20-cv-216-AGF (E.D. Mo. Feb. 6, 2020). *See*

---

[1] On that same date, plaintiff filed two other civil actions against Ms. Settle. *See Parker v. Settle,* No. 4:20-cv-216-AGF (E.D. Mo. Feb. 6, 2020) and *Parker v. Settle,* No. 4:20-cv-219-SRC (E.D. Mo. Feb. 6, 2020).

*I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions).

Plaintiff's statement of claim is identical and the issues he raises here are directly related to the issues he raised in *Parker v. Settle,* No. 4:20-cv-216-AGF (E.D. Mo. Feb. 6, 2020). The Court therefore concludes that the complaint is subject to dismissal because it is duplicative of plaintiff's case in *Parker v. Settle,* No. 4:20-cv-216-AGF (E.D. Mo. Feb. 6, 2020). *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (Under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party).

And like *Parker v. Settle,* No. 4:20-cv-216-AGF (E.D. Mo. Feb. 6, 2020), this Court lacks jurisdiction over plaintiff's complaint. Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat.*

*Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The instant action clearly does not arise under the Constitution, laws or treaties of the United States. Therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 either, because plaintiff's complaint establishes that he and the defendant are citizens of the same state. By signing the complaint, plaintiff certified that his representations to the Court, including those regarding the citizenship of the parties, had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Accordingly, the Court determines that it lacks jurisdiction over this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as duplicative and for want of jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of February, 2020.

        */s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE